Samuel A. Spiegel, J.
Pursuant to section 133 of the Social Services Law petitioner is entitled to temporary assistance during an emergency pending a hearing.
A hearing is provided for under section 353.3 of the Regulations of the Department of. Social 'Services. The technical failure of the petitioner to request such hearing until July 8 should not bar her from temporary emergency assistance to prevent eviction, dire hardship and deprivation. Some procedure for an automatic appeal on behalf of a petitioner denied welfare should be provided for since many are unaware of the department’s procedures. Pending the outcome of a hearing petitioner, apparently in desperate straits, should be given aid. It would be less than humane to deny her the right to live based on technical legal niceties. The court is not passing upon the merits of her application, nor reviewing the determination of the agency in her case. However, the entire purpose of the Social Services Law is to aid the needy. Petitioner’s landlord has obtained an eviction order against her for nonpayment of rent and she is in debt to the grocer for food and he may at any moment refuse to extend her any more, credit. If she is not needy, then who is? To callously dismiss her petition until all her administrative rights are exhausted as respondent requests under the existing circumstances would do violence to this court’s sense of justice and cause irreparable harm to the petitioner since it may drag for months.
In Matter of Slater v. Woods (32 Misc 2d 732) temporary emergency assistance was granted by the court to an out-of-State resident pending a final determination on petitioner’s fair hearing request for a review of the denial of petitioner’s application for public assistance. No less can be done here.